IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA DENNIS, individually, and on behalf of the Estate of JAMES CARTER, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3148-G-BN |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendant United States of America has filed a Motion to Quash or, Alternatively, for Protective Order. *See* Dkt. No. 19 (the "MPO"). Defendant "moves to quash or, alternatively, for protective order from Plaintiff Barbara Dennis's Amended Second Notice of Deposition of a Corporate Representative with subpoenas duces tecum, dated August 8, 2017 pursuant to Federal Rule of Civil Procedure 26(c)." *Id.* at 1.

All discovery matters in this case have been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. *See* Dkt. No. 5.

Plaintiff Barbara Dennis filed a response, *see* Dkt. Nos. 23 & 24, and Defendant filed a reply, *see* Dkt. No. 27. The Court then denied Ms. Dennis's Motion for Leave to File Sur-Reply Brief [Dkt. No. 28] because "[t]he matters that Plaintiff seeks to address in a sur-reply brief – alleged factual inaccuracies and misstatements of law in

Defendant's reply – are not the kind of new issues, arguments, legal theories, or evidence presented for the first time in a reply that the responding party, in fairness, must be given an opportunity to address." Dkt. No. 29.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Defendant United States of America's Motion to Quash or, Alternatively, for Protective Order [Dkt. No. 19].

## Background

In the MPO, Defendant explains that Ms. Dennis

> filed suit against the United States under the Federal Tort Claims Act (FTCA) for alleged negligent medical treatment of James Carter and amended her complaint on March 15, 2017. (Dkts. 1, 14). Dennis asserts Defendant is directly and vicariously liable for alleged negligence related to the care and treatment of Mr. Carter, who was a patient at the Dallas VA Medical Center or the Community Living Center (CLC) for slightly more than a year before he died at the age of 87. (Dkt. 14 at 5-7). Dennis does not allege any particular individual was negligent, but avers Defendant is responsible for the acts of the VA's team of "physicians, doctors, nurses, staff members, technicians, specialists, non-specialists, and/or other personnel" who provided care to Mr. Carter. (Dkt. 14 at 4, 5, 7). Dennis's second amended initial disclosures identify more than eighty (80) VA employees with alleged knowledge of relevant facts in this case. (App'x 45-53).

Dkt. No. 20 at 2.

Defendant opposes Ms. Dennis's noticed Federal Rule of Civil Procedure 30(b)(6) corporate representative deposition because she "seeks a contention deposition, covering an entire year of medical care provided to an 87 year old patient at the VA with a complex medical history involving than 80 employees" and, although Ms. Dennis "revised the topics set forth in the notice, seeking to depose a representative regarding

'facts,'" "Defendant contends that the request to depose a corporate representative regarding (a) 'facts' related to Defendant's legal theories invades the work product privilege, and (b) 'facts' related to the medical care provided by a large number of medical professionals is unduly burdensome." *Id.* at 1 (emphasis removed).

The current notice directs "Defendant Dallas VA Medical Center ... to designate a person or persons to testify on its behalf on the following matters:"Dennis

1.     The facts upon which Defendant bases denials and affirmative defenses stated in its amended answer;
2.     The facts upon with Defendant bases its discovery responses, including its interrogatory answers and document production;
3.     The facts related to the leg injury suffered by Mr. Carter while under the care of the Dallas VA Medical Center including its cause and treatment;
4.     The facts related to the malnutrition that was a factor in Mr. Carter's death at the Dallas VA Medical Center, including its cause and treatment; and
5.     The records and documents requested in Exhibit A to this Notice.

Dkt. 21-4 at 7-8 of 25 (App'x 101-02).

Defendant explains that it "does not object, in theory, to the request to depose a corporate representative to the extent Dennis seeks to identify facts that are outside the knowledge of the individuals who treated Mr. Carter" but "objects to [Ms. Dennis's] request to depose a corporate representative regarding (1) Defendant's legal theories and contentions and (2) facts contained in the entire 10,826 pages of documents produced in this case, including the medical records, administrative documents, and witnesses identified in those documents; (3) facts not included in the medical records regarding the decisions and judgment of the medical professionals identified in the medical records; and (4) facts related to the care provided by multiple medical

professionals for Mr. Carter's leg injury and malnutrition." Dkt. No. 20 at 12-13. "Defendant contends [Ms. Dennis] should discover these facts directly from relevant medical providers who provided care to Mr. Carter, not a representative." *Id.* at 13.

"Thus, Defendant moves to quash the deposition in its entirety. In the alternative, if Defendant is required to produce a corporate representative, Defendant moves for a protective order limiting the scope of the deposition [of a corporate representative to facts contained in the medical records related solely to Mr. Carter's leg injury and malnutrition], and to stay the deposition until no earlier than 30 days after the Court rules on this motion." *Id.* at 1-2, 13 (emphasis removed).

More specifically, Defendant asserts that "[t]here is good cause to quash the deposition, or in the alternative, to issue a protective order limiting the deposition of a corporate representative" because

· as to Topics 1 and 2 in Plaintiff's Amended Second Notice of Deposition, Ms. "Dennis's request to depose a representative regarding Defendant's affirmative defenses and interrogatory responses is an improper contention deposition";

· as to Topics 3 and 4, Ms. "Dennis's request to depose a representative regarding specific medical conditions is unduly burdensome and not proportional to the needs of the case";

· as to Topic 5, Ms. "Dennis's request to depose a representative regarding the entire record is unduly burdensome and not proportional to the needs of the case";

· as to Topics 3 and 4, Ms. "Dennis fails to establish that she cannot obtain the

-4-

information she seeks through other less intrusive means"; and

- as to Topics 1 and 5, Ms. "Dennis cannot require Defendant to marshal its evidence and identify all documents supporting its defenses at a representative's deposition."

*Id.* at ii.

Ms. Dennis responds that "that the deposition sought is proper and necessary, and Defendant has failed to meet its legal burden to show otherwise" and that she "has attempted to discover the facts upon which Defendant allegedly relies to support its positions through written discovery, including interrogatories and requests for production. Defendant, however, has attempted in its responses, to 'hide the ball,' and has failed and refused to disclose the facts upon which it allegedly relies." Dkt. No. 23 at 1-2.

Ms. Dennis adds that, "[s]hould [she] not be permitted to obtain discovery of the facts upon which Defendant purports to rely though the 30(b)(6) deposition that is the subject of Defendant's motion, Plaintiff reserves the right to file a Motion to Compel more straightforward and informative written discovery responses from Defendant." *Id.* at 2.

In reply, Defendant argues that

[t]he Federal Rules of Civil Procedure permit depositions of a corporate representative – but they do not *ipso facto* permit Plaintiff Barbara Dennis to depose a representative on the topics identified in her notice of deposition. Topics 1 and 2 patently state that Dennis seeks to depose a representative on Defendant's affirmative defenses, which invades Defendant's work product privilege. (Dft App'x at 101). Topic 5 states that Dennis seeks to depose a representative on the entire medical file, which

would require Defendant to marshal all of its evidence to prepare the deponent for deposition. (*Id.* at 102). And finally, Topics 3 and 4 seek to depose a representative regarding medical treatment for two distinct medical conditions, which should be addressed by fact witnesses, who can explain when, where, why, and how they treated Mr. Carter. (*Id.* at 101). Defendant thus seeks to quash the deposition as noticed.

Dkt. No. 27 at 1.

## Legal Standards

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

"Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, ___ F.R.D. ___, No. 3:15-cr-2108-D, 2017 WL 2832621, at *25 (N.D. Tex. June 26, 2017). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any

party's claim or defense is also important in resolving the issues." *Id.* at *26.

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014)

For the reasons the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do

so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)© provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)©.

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, to prevail on a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (I) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

As amended effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or

more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; © prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1); *see also Talon Transaction Technologies, Inc. v. StoneEagle Servs. Inc.*, No. 3:13-cv-902-P, 2014 WL 6819846, at *3 (N.D. Tex. Dec. 4, 2014) (explaining that, "'[w]hen a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic'"; that "[f]ailing to appear and testify as to designated topics for a Rule 30(b)(6) deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26©'"; and that "a pending motion for protective order only protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion" (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003); FED. R. CIV. P. 37(d)(2))).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

The amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on its motion for protective order – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303

F.R.D. at 483-93.

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26© for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *accord Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008).

Federal Rule of Civil Procedure 37(a)(5)(B)-© further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26© and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted

in part and denied in part, the court may issue any protective order authorized under Rule 26© and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-©; *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

"[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *De Angelis*, 265 F. App'x at 398 (internal quotation marks omitted); *see also Heller*, 303 F.R.D. at 477 ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'" (citations omitted)).

The United States Court of Appeals for the Fifth Circuit has explained in this context of a Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative:

> Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." Therefore, the deponent "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other

sources.

"Obviously it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation." Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's "position" on the topic. When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.

We agree with BRA that Cajun violated rule 30(b)(6) by failing to prepare Grigsby with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization, such as whether BRA had presented a warranty claim to Cajun. At the very least, Cajun could have designated another witness with personal or corporate knowledge of the questions asked.

If the designated "agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust* [*Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 187 (5th Cir. 1993).] In *Resolution Trust* we affirmed sanctions against a party that possessed documents that plainly identified a witness as having personal knowledge of the subject of the deposition but did not furnish those documents or designate the witness until after it had designated two other witnesses with no personal knowledge.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006) (footnotes and citations omitted).

Rule 30(b)(6) requires that a party seeking to depose an organization "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.

The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. .... The persons designated must testify about information known or reasonably available to the organization.").

"For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Hartford Fire Ins. Co. V. P & H Cattle Co.*, No. 05-cv-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).

Finally, once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as Federal Rule of Civil Procedure 26(f) requires, "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." FED. R. CIV. P. 26(d)(2). "Rule 26(d) generally governs the sequencing of discovery unless the Court enters a protective order under Rule 26© or another order governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29. Absent a court order providing otherwise or a binding stipulation, Rule 26(d)(2)(A)

generally dictates that Plaintiffs may seek information through an interrogatory even if Defendant believes the subject matter would be better explored through a deposition." *Heller*, 303 F.R.D. at 493.

But "Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." *Cazorla*, 2016 WL 5400401, at *18 (footnote omitted); *accord Celanese Corp. v. Clariant Corp.*, No. 3:14-cv-4165-M, 2015 WL 9269415, at *4 (N.D. Tex. Dec. 21, 2015) ("Regardless of whether North Carolina or Texas law applies to Celanese's claim in this case, to establish the reasonableness of the defense costs that Celanese incurred in the Courtaulds Cases and the Selby Site Litigation, Clariant made clear at oral argument that it primarily wants access to these documents to determine if additional settlement offers or demands were made to Celanese in those cases that might not be reflected in documents already produced, whether Celanese accepted or rejected those demands, and, if any demand was rejected, why Celanese rejected it. As the Court discussed with counsel at oral argument, that information can best be obtained in the first instance by an interrogatory to Celanese asking for precisely that information, which, subject to any proper objections, *see generally Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), Celanese would be obligated to pull together into a verified answer by reviewing all sources of responsive information reasonably available to it (including these documents at issue on this motion), and as to which Clariant could then, if appropriate, take a follow-on deposition.").

And, "while, as a general matter, under Rule 26, a party may seek discovery through any permitted method in any sequence, ... 'there's certainly case law where

there are some kinds of contention interrogatories where courts have felt that, in their discretion, they could say it ought to be a deposition instead, like a 30(b)(6) deposition.'" *Heller*, 303 F.R.D. at 493 (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (sustaining objections to contention interrogatories where "[o]ther discovery procedures, such as depositions and production of documents, better address whatever need there be for [any] kind of [requested] secondary detail")).

## Analysis

I. <u>Deposition topics</u>

    A.     Topic 1 – "The facts upon which Defendant bases denials and affirmative defenses stated in its amended answer"

Contention interrogatories often ask for a recitation of the facts on which a claim, defense, allegation, or denial is based. The content or substance of an attorney's evaluation of why or how those facts support a claim or defense may be protected work product. But "a contention interrogatory seeking a description of the 'factual basis' [not privileged communications or work product] [is] precisely the sort contemplated by Fed. R. Civ. P. 33(a)(2)" and is not protected work product. *Ill. Union Ins. Co. v. La. Health Serv. and Indemnity Co.*, Civ. A. No. 16-6604, 2017 WL 2955355, at *2 (E.D. La. Apr. 13, 2017).

The same analysis applies to a Rule 30(b)(6) deposition topic seeking the identification of facts. *See Malibu Consulting Corp. v. Funair Corp.*, Civ. A. No. SA-06-CA-0735 XR, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007) ("I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information

concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories, is outside the protection of the work-product doctrine and is permissible." (footnote omitted)); *accord Waste Mgmt. of La., LLC v. River Birch, Inc.*, Civ. A. No. 11-2405, 2017 WL 2831700, at *3 (E.D.La. June 30, 2017).

Likewise, "while, in general, investigative reports prepared by the party's attorney are protected by the work-product doctrine (which is governed by federal law), a corporate representative cannot be instructed not to answer a question seeking factual information within a designated topic for Rule 30(b)(6) testimony simply because the corporate representative learned the information from an attorney who gathered the information in anticipation of litigation or for trial. The attorney's investigation and the manner in which he or she gathered and organized and analyzed the information and presented it to the corporate representative may itself be protected work product, but the underlying factual information itself remains discoverable through the corporate representative's testimony. Where the deponent is asked only about facts that are responsive to the noticed deposition topics, testifying to the underlying facts and that the deponent learned a fact from the company's attorney – without more – does not impermissibly reveal protected attorney work product, including the attorney's mental processes, impressions, conclusions, opinions, or legal theories." *OrchestrateHR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2015 WL 11120526, at *7 (N.D. Tex. July 15, 2015) (citations omitted).

Defendant's work product objection to Topic 1 is not well-taken and overruled.

And the Court cannot accept Defendant's assertion that this testimony must await expert reports. As the Court has previously concluded, "a party cannot avoid discovery – whether by an interrogatory, a Rule 36 request, or Federal Rule of Civil Procedure 30(b)(6) deposition testimony – of its own views on a factual matter in dispute (or perhaps, in fact, not in dispute) simply because its view on that matter may be informed by consulting with its retained experts." *McKinney/Pearl Restaurant Ptrs., L.P. v. Metro. Life Ins. Co.*, ___ F.R.D. ___, No. 3:14-cv-2498-B, 2016 WL 98603, at *15 (N.D. Tex. Jan. 8, 2016). And the Court is not persuaded that the mere possibility that an expert report or expert witness's deposition may later adequately cover the same information is good cause for quashal or a protective order as to the Rule 30(b)(6) topic here.

But, applying Rule 30(b)(6)'s "reasonable particularity" standard, the Court finds that Topic 1's seeking testimony on all "facts upon which Defendant bases denials and affirmative defenses stated in its amended answer" is overly broad because it fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts as to which it must prepare its corporate representative to testify. That Ms. Dennis may believe that Defendant has not properly or fully responded to other discovery requests seeking the same information does not change the fact that a responding party is entitled to insist that a requesting party comply with Rule 30(b)(6)'s "reasonable particularity" requirement.

The Court therefore GRANTS Defendant's MPO as to Topic 1 in Plaintiff's Amended Second Notice of Deposition and quashes the Amended Second Notice of

Deposition as to Topic 1 and enters a protective order precluding any requirement for Defendant to present a corporate representative as to Topic 1 as currently framed.

       B.     Topic 2 – "The facts upon with Defendant bases its discovery responses, including its interrogatory answers and document production"

The same analysis applies to Topic 2, which does not improperly seek attorney work product but which runs afoul of Rule 30(b)(6)'s standard because it fails to describe the testimony sought with reasonable particularity.

The Court therefore GRANTS Defendant's MPO as to Topic 2 in Plaintiff's Amended Second Notice of Deposition and quashes the Amended Second Notice of Deposition as to Topic 2 and enters a protective order precluding any requirement for Defendant to present a corporate representative as to Topic 2 as currently framed.

       C.     Topic 3 – "The facts related to the leg injury suffered by Mr. Carter while under the care of the Dallas VA Medical Center including its cause and treatment" – and Topic 4 – "The facts related to the malnutrition that was a factor in Mr. Carter's death at the Dallas VA Medical Center, including its cause and treatment"

Defendant argues that "[a]sking a representative to testify regarding two specific medical conditions is unduly burdensome for several reasons," including that "[a] representative cannot completely and fully testify regarding facts related to a specific health problem, such as the leg wound or alleged malnutrition" and that "[i]t is impossible for a single representative (or multiple representatives) to explain why a team of internists, medical specialists, nurses, dieticians, and other medical professionals made daily, on-going decisions for an entire year regarding care they provided to a frail 87-year old patient with a complex medical history and multiple

comorbidities." Dkt. No. 20 at 14-15. According to Defendant, "[a]sking a corporate representative to testify on behalf of those who provided care to Mr. Carter is inefficient and less accurate, and therefore, inappropriate and unduly burdensome." Dkt. No. 27 at 5 (emphasis removed).

Ms. Dennis responds that Defendant proposes the far more burdensome approach of deposing the "the roughly eighty (80) medical providers who 'treated' Mr. Carter during his stay at the Dallas VA Medical Center." Dkt. No. 24 at 11. "Not only could this be considered the most intrusive and unduly burdensome means to obtain this information, but would increase the overall costs for both parties exponentially, and create a logistical burden on both parties to coordinate the production of all eighty (80) of these doctors, nurses, and staff for their depositions." *Id.*

Defendant replies that, "[b]ased on the medical records, which Dennis has in her possession, Dennis could identify two or three medical care providers to depose as fact witnesses, who could explain how and why they treated Mr. Carter's leg injury and assessed his nutritional needs, and/or whether they believe Mr. Carter was malnourished," and that "deposing two or three fact witnesses is far less burdensome than requiring a corporate representative to review the medical records, interview treatment providers, and testify on their behalf." Dkt. No. 27 at 5 (emphasis removed; footnote omitted).

Defendant's proposal is too limiting under Rule 30(b)(6), under which Defendant "is expected to create a witness or witnesses with responsive knowledge." *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005) (emphasis removed). Ms. Dennis is not

limited to deposing as fact witnesses only a few health care professionals involved, nor is she "obliged to depose a string of hospital employees, none of whom is able to speak for the hospital as to how the incident or incidents in question occurred, nor indeed is a 30(b)(6) requesting party limited to conducting her factual inquiry via interrogatories." *Id.* at 529. Under Rule 30(b)(6), Defendant has a duty to present and prepare a Rule 30(b)(6) "designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth.*, 469 F.3d at 433 (internal quotation marks omitted). Preparing this Rule 30(b)(6) designated representative may be time-consuming and burdensome, but the Court does not find that it would be unduly burdensome, particularly in light of the available alternatives that Defendant offers.

The Court therefore OVERRULES Defendants objections and DENIES Defendant's MPO as to Topics 3 and 4 in Plaintiff's Amended Second Notice of Deposition, which the Court finds to be relevant and proportional to the needs of the case.

D.     Topic 5 – "The records and documents requested in Exhibit A to this Notice"

For the reasons explained as to Topic 1, the Court finds that Topic 5 is overly broad on its fact because asking a corporate representative to testify as to an extensive document production fails to describe the testimony sought with reasonable particularity.

The Court therefore GRANTS Defendant's MPO as to Topic 5 in Plaintiff's

Amended Second Notice of Deposition and quashes the Amended Second Notice of Deposition as to Topic 5 and enters a protective order precluding any requirement for Defendant to present a corporate representative as to Topic 5 as currently framed.

II.     Interrogatories

Ms. Dennis's response and Defendant's reply include some argument as to the adequacy and sufficiency of Defendants' answers to interrogatories and responses to document requests. But a motion to compel has not yet been filed in compliance with the Court's Standing Order on Discovery [Dkt. No. 6]. The Court will not prematurely delve into the disputes on these discovery requests before a proper motion is filed and briefed.

III.    Award of expenses

Under Rules 26(c)(3) and 37(a)(5), the Court determines that, under all of the circumstances presented here, Ms. Dennis and Defendants should bear their own expenses, including attorneys' fees, in connection with the MPO.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendant United States of America's Motion to Quash or, Alternatively, for Protective Order [Dkt. No. 19].

SO ORDERED.

DATED: October 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE