IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA DENNIS, on behalf of the Estate of JAMES CARTER | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:16-cv-3148-G-BN |
| VS. | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES AND DEPOSITION OF CORPORATE REPRESENTATIVE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

I.   BACKGROUND ........................................................................................................1

II.  ARGUMENT AND AUTHORITIES........................................................................4

    A.   LEGAL STANDARD....................................................................................4

    B.   DEFENDANT SHOULD BE COMPELLED TO PROPERLY RESPOND TO PLAINTIFF'S INTERROGATORY REQUESTS..................................6

    C.   DEFENDANT SHOULD BE COMPELLED TO PROPERLY RESPOND TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION .........8

    D.   DEFENDANT SHOULD BE COMPELLED TO PRODUCE ITS CORPORATE REPRESENTATIVE FOR DEPOSITION........................................................12

II.  PRAYER....................................................................................................................13

# TABLE OF AUTHORITIES

Cases

*Barr v. EQT Prod. Co.*,
   5:14CV57, 2015 WL 2238067 (N.D.W. Va. May 12, 2015) ...................................5, 7, 8

*Donovan v. Prestamos Presto Puerto Rico, Inc.*,
   91 F.R.D. 222 (D.P.R. 1981) .......................................................................................4

*Haynes v. Navy Fed. Credit Union*,
   286 F.R.D. 33 (D.D.C. 2012)..................................................................................5, 7, 8

*Hickman v. Taylor*,
   329 U.S. 495 S.Ct. 385 (1947)...................................................................................4

*Johnson v. Kraft Foods N. Am. Inc.*,
   236 F.R.D. 535 (D. Kan. 2006)...................................................................................5

*Kleppinger v. Texas Department of Transportation*,
   2015 WL 12138545 (S.D. Tex. January 3, 2013).....................................................5, 10, 11

*Mallinckrodt Chemical Works v. Goldman Sachs & Co.*,
   58 F.R.D. 348 (S.D.N.Y. 1973) ...................................................................................5

*Procter & Gamble Co. v. Ultreo, Inc.*,
   574 F.Supp.2d 334 (S.D.N.Y. January 8, 2009) ................................................................6

Statutes

FED. R. CIV. P. 26 ...................................................................................................4, 5

FED. R. CIV. P. 30(b)(6)...............................................................................................11

FED. R. CIV. P. 34 ....................................................................................................5, 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA DENNIS, on behalf of the Estate of JAMES CARTER | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:16-cv-3148-G-BN |
| VS. | § § | |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES AND DEPOSITION OF CORPORATE REPRESENTATIVE**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Now comes Plaintiff Barbara Dennis ("Plaintiff"), on behalf of the Estate of James Carter, and files this, her Brief in Support of Plaintiff's Motion to Compel Discovery Responses and Deposition of Corporate Representative, and would respectfully show unto the Court the following:

### I.   BACKGROUND

On or about November 11, 2014, James Carter, a military veteran entitled to the benefits and services of the Department of Veterans Affairs, was admitted to the Dallas VA Medical Center. (App'x at 030-032). Upon such admission, the employees, physicians, doctors, nurses, and staff at the Dallas VA Medical Center undertook the responsibility to properly assess and/or diagnose Mr. Carter's medical condition, provide proper medical services and treatment to Mr. Carter, and to do so with the utmost diligence and expertise within such practice.

After admittance into the Dallas VA Medical Center, Mr. Carter was subjected to "treatment" by the medical staff and employees of the Dallas VA Medical Center, including but

not limited to the following:

1. Mr. Carter was left in his hospital bed for eleven (11) days without movement resulting in significant loss of muscle mass. (Dkt. 14 at 4).

2. On or about November 20, 2014, Defendant was notified by Mr. Carter's family that he was **forced to lay in his own feces for two (2) to three (3) hours at a time** without assistance from Defendant's employees or staff. (Dkt. 14 at 4).

3. On or about February 2, 2015, Mr. Carter was negligently dropped by Defendant's employees resulting in a leg wound which was not properly treated, and ultimately required a blood transfusion. (Dkt. 14 at 4) (App'x at 014-032, 035-036).

4. On or about March 14, 2015, Mr. Carter's wound pump was not properly plugged in by Defendant's doctor's and staff, which in turn required **twenty-three (23) additional blood transfusions from multiple bed sores, ultimately developing into a severe bone infection**. (Dkt. 14 at 4).

5. On or about July 27, 2015, Mr. Carter suffered a black eye due to the negligence of the Defendant's medical staff and employees. (App'x at 033-034).

6. During Mr. Carter's stay at the Dallas VA Medical Center, Defendant's employees and staff left Mr. Carter in bed for extended periods of time, and as a result Mr. Carter developed severe bed sores resulting in pain and discomfort. (App'x at 162-164).

7. On or about September 10, 2015, Mr. Carter suffered an injury to his right small toe due to the negligence of the Defendant's medical staff and employees. (Dkt. 14 at 4).

8. On or about November 24, 2015, Mr. Carter's family inquired as to why his blood pressure was fluctuating radically, Mr. Carter's family was then informed that he had not been receiving his vital blood pressure medication, and that **he had not had any food or water for twelve (12) days.** (App'x at 016-027).

9. On or about November 25, 2015, the day after Mr. Carter's family was informed of the "treatment" Mr. Carter had received from the Defendant's medical staff and employees, Mr. Carter died. (App'x at 037-038).

10. The Medical Examiner's report, taken soon after Mr. Carter's death, listed his cause of death as cardiac arrest and **dysphagia/malnutrition.** (App'x at 037-038).

On March 15, 2017, Barbara Dennis, on behalf of the estate of James Carter, filed this suit against the United States under the Federal Tort Claims Act (FTCA) for the negligent medical treatment of James Carter by the Defendant's employees and medical staff which ultimately resulted in his death. (Dkt. 14).

In response to Plaintiff's good-faith discovery requests, in or around April, 2017, Defendant produced nearly 11,000 documents pertaining to the medical treatment provided to James Carter by the Defendant. Defendant, in its response to Plaintiff's interrogatories and requests for production, relied almost entirely on this mass production of documents, and instead of properly responding to Plaintiff's written discovery, merely referenced (without specifics) that the answers to said requests could be found in the roughly 11,000 medical documents produced. (App'x at 001-013, 123-150, 165-168) (Specifically, see Defendant's response to Plaintiff's Interrogatories Nos. 1, 3-5, 16-20; Defendant's response to Plaintiff's First Requests for Production Nos. 16, 18-19, 23-24, 27, 30, 36-59; and Defendant's response to Plaintiff's Second Requests for Production Nos. 60-63.).

On May 11, 2017, in response to Defendant's failure to properly respond to Plaintiff's interrogatory requests, specifically regarding **facts** related to Defendant's affirmative defenses and claims, Plaintiff requested the depositions of Dr. Hkun Tun, Mr. William Chinn, and a corporate representative. On June 16, 2017, Plaintiff noticed the above depositions including a subpoena duces tecum with requests for production and clearly delineated topics for said deposition. (App'x at 051-087). Plaintiff noticed the depositions for July 19, 2017, and via email correspondence, Defense counsel agreed to the date and confirmed that all three deponents would appear, making no mention of any objections to such. (App'x at 051-090). Defendant subsequently identified a corporate representative, but later threatened a motion to quash if Plaintiff proceeded. In response,

Plaintiff agreed to suspend her request to depose Defendant's corporate representative in good faith to consider Defendant's objections and alternative discovery requests.

On July 27, 2017, Plaintiff again requested the deposition of Defendant's corporate representative, and Defendant again agreed to the date and time proposed. On August 2, 2017, Plaintiff served a Second Notice of Deposition of a Corporate Representative with subpoena duces tecum, and on August 8, 2017, Plaintiff served an amended notice of the same, clarifying that the deposition topics were to cover **facts** supporting Defendant's denial and affirmative defenses, in addition to facts regarding specific injuries suffered by James Carter, information which falls clearly within the scope of valid discovery. (App'x at 091-115).

On September 7, 2017, Defendant filed its Motion to Quash the deposition of its corporate representative, and for a protective order. (Dkt. 20). In response, Plaintiff filed a response to Defendant's motion to quash to which this Court rendered an order granting in part, and denying in part. In the Court's order, the Court acknowledged the issues raised by Plaintiff regarding Defendant's discovery responses, but declined to address such until Plaintiff properly filed a motion to compel such discovery. In response to this, and Defendant's failure to properly respond to Plaintiff's valid discovery requests, Plaintiff now files this motion to compel.

## II.     ARGUMENT AND AUTHORITIES

a. **Legal Standard**

Federal Rule of Civil Procedure 26 provides, in pertinent part, that parties may obtain discovery regarding *any matter*, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to **the claim or defense of any other party**. *See* FED. R. CIV. P. 26. This rule is to be liberally construed so as to provide both parties with information essential to proper litigation on all the

**facts**. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947); *Donovan v. Prestamos Presto Puerto Rico, Inc.*, 91 F.R.D. 222, 223 (D.P.R. 1981); *Mallinckrodt Chemical Works v. Goldman Sachs & Co.*, 58 F.R.D. 348, 352-53 (S.D.N.Y. 1973). Rule 34 of the Federal Rules of Civil Procedure permits discovery of documents in the "possession, custody, or control" of the party upon whom the request is served. *See* FED. R. CIV. P. 26.

Furthermore, federal case law explains that the responding party **cannot** simply refer to a voluminous set of documents in order to satisfy its duty under Rule 33 of the Federal Rules of Civil Procedure. This is true even if both parties have access to those documents, and if those documents contain the information sought. *See Haynes v. Navy Fed. Credit Union*, 286 F.R.D. 33, 37 (D.D.C. 2012) (Holding that reference to a 600-page document, or attachment of a 300-page document in response to valid interrogatory request was not an adequate response, despite the fact that both parties had access to such); *Barr v. EQT Prod. Co.*, 5:14CV57, 2015 WL 2238067, at *7 (N.D.W. Va. May 12, 2015) (Requiring more specificity when documents are provided in lieu of an answer to an interrogatory).

Similarly, Federal Rule of Civil Procedure 34 governs requests for production of documents. *See* FED. R. CIV. P. 34. Subsection (b) of Rule 34 specifically provides that a party who produces documents for inspection, "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." *See* FED. R. CIV. P. 34(b). If the producing party attempts to circumvent the Bates labeling of its production, and instead argues that the documents were produced in the ordinary course of business, such party bears the burden of showing that the documents were in fact produced in that manner, and a mere assertion that they were so produced is not sufficient to carry the burden. *Kleppinger v. Texas Department of Transportation*, 2013 WL 12138545 (S.D. Tex. January 3,

2013) (citing *Johnson v. Kraft Foods N. Am. Inc.*, 236 F.R.D. 535, 540-41 (D. Kan. 2006) (When the party produced 3,000 pages of documents without specifying which documents related to specific document requests, the court requires the party to identify such with Bates numbers responsive to each request.).

To the extent the responding party refuses to respond on the grounds of work-product privilege, the burden of establishing such protection rests solely on the party raising the privilege, and must demonstrate that the "facts" in question were created by or for counsel in anticipation of litigation or for trial. *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F.Supp.2d 334, 337 (S.D.N.Y. January 8, 2009). To satisfy this burden, the party resisting discovery must substantiate their privilege claims, and cannot rely merely on a blanket assertion of privilege. *See id.*

**b. Defendant Should be Compelled to Properly Respond to Plaintiff's Interrogatory Requests Nos. 4, 5, 15, 16, 17, 18, 19, and 20.**

*i. Interrogatory Nos. 4 and 5.*

In these interrogatories, Plaintiff seeks the "conditions and/or reasons" that Mr. Carter was discharged from the Dallas VA to the VA Community Living Center, and the "conditions and/or reasons" that Mr. Carter was discharged from the VA Community Center back to the Dallas VA Medical Center. (App'x at 116-122).

Defendant responded to this request stating it provided a copy of the medical records (10,000+ records) to Plaintiff in its initial disclosures, and instructs Plaintiff to refer to those documents to locate the information requested. Defendant provides no Bates labels to the requested information, nor does Defendant even partially respond with any to this request. (App'x at 001-013)**.**

As explained above, federal caselaw is clear that mere reference to a large quantity of documents, or attachment of such, without providing any form of substantive and specific response

is an insufficient discovery response, and can be considered the equivalent of a non-response. *See* Haynes, 286 F.R.D. at 37; *See Barr*, 2015 WL 2238067, at *7.

    *ii.*  *Interrogatory Nos. 15, 16, 17, and 18.*

In these interrogatories, Plaintiff is seeking **facts** responsive to the Affirmative Defenses raised by Defendant in its answer. Specifically to identify the independent contractors referred to in Defendant's Fifth Affirmative Defense; facts which Defendant bases its claim of contributory negligence and the "danger" to which Plaintiff supposedly "voluntarily exposed themselves" in Defendants Ninth Affirmative Defense; facts which support Defendant's Tenth Affirmative Defense as to how James Carter's negligence was the proximate cause of his injuries; and the facts Defendant bases its Eleventh Affirmative Defense that James Carter "failed to mitigate" his injuries. (App'x at 116-122).

Defendant responded to Interrogatory No. 15 objecting that Defendant "did not identify any independent contractors in its affirmative defense." (App'x at 8). However, and as Defendant acknowledges, Defendant asserted in its Affirmative Defense, that it has not waived sovereign immunity under the FTCA for acts or omissions of its independent contractors. (App'x at 8). Plaintiff is entitled to know which contractors Defendant is referring in order to properly prepare for upcoming discovery and litigation, and if no such contractors exist, as Plaintiff suspects, Plaintiff should be afforded such knowledge as well. In addition, and as Defendant does with its remaining responses, Defendant instructs Plaintiff to refer to the 10,000+ documents already produced, and provides no guidance or Bates labels in support of such. (App'x at 8).

Defendant, in its response to Interrogatories 16, 17, and 18, copy and pasted identical responses to each, in which Defendant again instructs Plaintiff to see the 10,000+ document production and asserts four baseless "facts" which are not accompanied by any Bates citation to

the document production, likely because no such supporting documentation exists.[1] Plaintiff should not be expected to comb through 10,000+ documents in search of supporting documentation which may not, and likely does not, exist. *See* Haynes, 286 F.R.D. at 37; *See Barr*, 2015 WL 2238067, at *7.

As explained above, federal caselaw is clear that mere reference to a large quantity of documents, or attachment of such, without providing any form of substantive and specific response is an insufficient discovery response, and can be considered the equivalent of a non-response. *See* Haynes, 286 F.R.D. at 37; *See Barr*, 2015 WL 2238067, at *7.

**c. Defendant Should be Compelled to Properly Respond to Plaintiff's First and Second Requests for Production.**

  **i.** *Plaintiff's First Requests for Production Nos. 16 and 27.*

In these requests, Plaintiff sought the production of records, documents, photographs, and/or other tangible evidence which supports Defendant's claim that the Defendant was not liable for the injuries suffered by James Carter, evidence to support Defendant's claim that James Carter failed to mitigate damages, and documents which Defendant contends substantiates its claims that its medical staff and employees did or did not fall below the applicable standard of care. (App'x at 039-050).

Defendant responded by referring Plaintiff to the 10,000+ documents already produced, and provided no Bates labels or specifics as to which documents produced were responsive to the specific request. (App'x at 132 and 136).

---

[1] Indeed, where Defendant has actually responding to Plaintiff's interrogatories, specifically interrogatory numbers 19 and 20, Defendant acknowledges that it has no facts/is not presently aware of any facts or evidence to support its twelfth and thirteenth affirmative defenses. Plaintiff suspects the same with regards to Interrogatories 15, 16, 17, and 18, and if such is the case, Plaintiff has the right to this information instead of being forced to comb through 10,000+ documents in search of records that may not even exist.

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH OR ALTERNATIVELY, FOR PROTECTIVE ORDER AND THEREOF**     **8**

Under the Federal Rules of Civil Procedure, subsection (b) of Rule 34 specifically provides that a party who produces documents, "shall produce them as they are kept in the usual course of business or **shall organize and label them to correspond with the categories in the request**." *See* FED. R. CIV. P. 34(b). Because Defendant did not allege in either of its responses that the documents were produced as they are kept in the usual course of business, and because Defendant further did not meet its burden of proving such, Defendant should be compelled to properly respond to Plaintiff's request.

    ii.   <u>Plaintiff's First Requests for Production Nos. 18, 19, 23, 24, and 30.</u>

In these requests, Plaintiff is seeking documentation relied upon by Defendant in its responses to interrogatories 1, 2, 9, 10, and 16. Specifically, documentation relied upon by Defendant with regards to any claims that the medical personnel or employees were not employees or under the control of the Defendant; documentation relied upon by Defendant for any claim that James Carter was provided all necessary care and supervision by the Defendant's medical personnel or employees; documentation Defendant relied upon for its explanation for the finding of "malnutrition as a contributing factor to James Carter's death"; documentation relied upon by Defendant for the identities of the dieticians involved with James Carter's care at the Dallas VA thirty (30) days preceding his death; and documentation Defendant relied upon in its assertion that Plaintiff was contributorily negligent. (App'x at 039-050).

Defendant responded to Request No. 18, 19, 23, and 30 by repeating its responses and objections to Interrogatory Nos. 1, 2, 9, and 16, and in all four responses refers Plaintiff to the 10,000+ documents already produced, again failing to provide any labeling, or to specify which documents are responsive to each request. (App'x at 132-135). In all five responses, Defendant does not specify any documents responsive to specific requests, and only alleges a blanket

assertion that the documents were produced in the manner which they are kept, a response which is not sufficient to overcome its burden to prove such. *Kleppinger v. Texas Department of Transportation*, 2013 WL 12138545 (S.D. Tex. January 3, 2013).

Because Defendant failed to comply with Rule 34 of the Federal Rules of Civil Procedure, Defendant should be compelled to properly respond to Plaintiff's request.

### iii. Plaintiff's First Requests for Production Nos. 36-56.

In these requests, Plaintiff is seeking medical records that refer to, or were prepared by, specific medical providers who treated Mr. Carter at the Dallas VA Medical Center. These records are vital for the Plaintiff, and Plaintiff's experts, to analyze the treatment of each of Mr. Carter's treating physicians and to determine whether the associated physician fell below the applicable standard of care. (App'x at 039-050).

Defendant responded to each of these requests with an identical response in which Defendant instructs Plaintiff to refer to the 10,000+ documents previously produced. In all of the responses, Defendant fails specify any documents responsive to specific requests, fails to provide any associated Bates labels, and only alleges a blanket assertion that the documents were produced in the manner which they are kept, a response which is not sufficient to overcome its burden to prove such. (App'x at 139-147). *Kleppinger v. Texas Department of Transportation*, 2013 WL 12138545 (S.D. Tex. January 3, 2013).

Because Defendant failed to comply with Rule 34 of the Federal Rules of Civil Procedure, Defendant should be compelled to properly respond to Plaintiff's request.

### iv. Plaintiff's First Requests for Production Nos. 58 and 59, and Plaintiff's Second Requests for Production Nos. 60, 61, 62, and 63.

In these requests, Plaintiff is seeking documentation directly related to the specific injuries, ailments, and causes of death listed above, and in James Carter's death certificate. (App'x at 037-

038). Specifically, these requests seek documentation which show that James Carter received proper nutrition during the last thirty (30) days he was under the Defendant's care; records that show that James Carter's dietary needs were being directed or supervised by a qualified dietician; records which show what caused Mr. Carter's leg wound; records which show why Mr. Carter's leg wound worsened while under the care of the Defendant; records which show when and why the wound vac used on Mr. Carter stopped operating and who was responsible for such; and records which show why Mr. Carter suffered from malnutrition the last thirty (30) days of his life while under the care of the Defendant. (App'x at 039-050). These medical, and non-medical documents are vital for Plaintiff and Plaintiff's experts to be able to assess James Carters injuries and the treatment received as a result of those injuries. Furthermore, this Court has acknowledged in a previous order, the relevance and importance of discovery related to the issue of Mr. Carter's malnutrition, and leg wound. (Dkt. 33 at p. 20-22).

Defendant, in its response to these requests, made identical responses in which the Defendant again instructs Plaintiff to refer to the 10,000+ documents already produced, and provides no corresponding Bates labels or specifics as to which documents pertain to specific requests. Defendant only alleges a blanket assertion that the documents were produced in the manner which they are kept, a response which is not sufficient to overcome its burden to prove such. *Kleppinger v. Texas Department of Transportation*, 2013 WL 12138545 (S.D. Tex. January 3, 2013).

Because Defendant failed to comply with Rule 34 of the Federal Rules of Civil Procedure, Defendant should be compelled to properly respond to Plaintiff's request.

**d. Defendant Should be Compelled to Produce its Corporate Representative for Deposition.**

Plaintiff incorporates by reference, the arguments, statements, and authorities cited in Plaintiff's Response to Defendant's Motion to Quash Plaintiff's 30(b)(6) deposition (Dkt. 24). As a direct result of Defendant's inadequate discovery responses, Plaintiff seeks the deposition of a designated corporate representative of the Defendant. Such was explained to opposing counsel in prior correspondence, however no agreement was reached as a result of such discussions. (App'x at 151-161). Instead, Defendant filed its Motion to Quash and for Protective Order, in which this Court granted in part based on the wording of Plaintiff's deposition notices, but denied in part as it related to topics regarding Mr. Carter's malnutrition and leg wound. (Dkt. 19) (Dkt. 33).

### III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to grant Plaintiff's Motion to Compel Discovery Responses and/or Deposition of Defendant's Corporate Representative, and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

*s/ D. Bradley Kizzia*
**D. BRADLEY KIZZIA**
**Lead Attorney**
State Bar No. 11547550
bkizzia@kjpllc.com
**NICHOLAS D. CUSTRED**
State Bar No. 24101664
ncustred@kjpllc.com
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Ste. 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 613-3330

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on the 24th day of October, 2017 in accordance with the Federal Rules of Civil Procedure.

*/s/  D. Bradley Kizzia*
**D. BRADLEY KIZZIA**